In re ALPER.

(District Court, S. D. New York. November, 1907.)

BANKRUPTCY—CONTEMPT OF COURT—FAILURE TO PRODUCE BOOKS.

A bankrupt, who failed to produce his books used in the conduct of his business on his examination before a special commissioner appointed by court to examine him under Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3430), as required by the order for such examination, and also by a subsequent order made by the commissioner, although he admitted keeping books and gave no reasonable explanation of their disappearance, is guilty of a contempt of the court, which has jurisdiction to commit him therefor.

In Bankruptcy. Habeas corpus to test validity of the imprisonment of a bankrupt for disobedience of an order of the bankruptcy court. The opinion states the case.

Max D. Steuer, for petitioner.

James, Schell & Elkus (Abram I. Elkus and James N. Rosenberg, of counsel), for defendant.

HOLT, District Judge. This is a writ of habeas corpus to test the validity of the imprisonment of Israel Alper. Alper is a bankrupt, who was adjudged guilty of contempt by the District Court for not producing and delivering to the receiver in bankruptcy certain books of account. The sole question upon this application is whether the court had jurisdiction to make the order.

By an order of the District Court dated September 4, 1907, Alper, the alleged bankrupt, was directed to appear before a special commissioner and submit, under section 21a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), to an examination relating to his acts, conduct, and property. The order

contained a clause which ordered that Alper produce at the said examination all books and other memoranda used by him in the conduct of his business. Alper appeared before the commissioner and was examined. He admitted that he had kept various books in his business, which he did not produce. The commissioner directed him to produce them, but he did not produce them. A motion was thereupon made to punish him for contempt. Upon the hearing of the motion the district judge, in addition to the affidavits presented, directed that the bankrupt be examined orally in his presence, and such examination took place. After the hearing and argument of the case, the court adjudged the bankrupt in contempt, and made an order committing him to prison until he should produce the books in question, directing, however, that for two days the marshal should permit him to go wherever he wished for the purpose of searching for the books. The bankrupt thereupon went to his safe, which had been blown open and had previously been found to be empty, and found there some books or papers, formerly used in his business, but of no importance, which were not the papers that he had been ordered to produce. His counsel having claimed that he had complied with the order, the matter came up again before the judge, who thereupon entered a final order finding the bankrupt again guilty of contempt and committing him to prison.

There seems to me to have been ample grounds for holding that he had been guilty of contempt in violating the provision in the original order for his examination which required him to produce his books before the commissioner. If such order had not contained any such provision, he would have been guilty of contempt in not complying with an order of the commissioner on the examination that he produce his books. If at any time subsequently, after the notice of motion was given, or before the order for his commitment was entered, he had produced the books, his contempt might have been purged. His claim, in substance, was that he did not have the books and did not know where they were; but the entire evidence showed an extremely suspicious disappearance of assets for a large amount and a like disappearance of important business books, for the disappearance of which no reasonable explanation was given.

In my opinion, the District Court had jurisdiction in the case, and the writ of habeas corpus is dismissed.